IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN PHIL MORGAN | : | NO. 1:10-cv-00309-LDD |
| | : | |

Legrome D. Davis, J.                                                        September 29, 2010

MEMORANDUM

I.  PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff Cornell Hester ("Plaintiff"), a pretrial detainee held at the Howard R. Young Correctional Institutional ("HRYCI"), Wilmington, Delaware, who proceeds pro se and has been granted leave to proceed in forma pauperis, filed this Complaint pursuant to 42 U.S.C. § 1983.[1]

At the time Plaintiff filed his Complaint, he had been housed at the HRYCI for approximately three months.  Plaintiff has an "open case" in the State of Delaware, presumably a criminal case since he is a pretrial detainee.  He alleges that as a pretrial detainee he has been denied access to the law library including the right to research his case and prepare a defense, and is treated differently from sentenced inmates who are allowed law library access.  Plaintiff explains that he is required to use the "hired employees inside the law library," request materials he needs, and pay for motion applications and copies.  Plaintiff alleges that unsentenced inmates should have

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

"first choice" at the law library and that it is illegal and unconstitutional to charge him for copies of legal materials. He seeks compensatory damages and dismissal or delay of his Delaware case.

II.     LEGAL STANDARD

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.– , 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2] Id. at 211. In other words, the Complaint must do more than

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal,129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

III.   DISCUSSION

Plaintiff alleges denial of access to the courts.  Prisoners must be allowed "adequate, effective and meaningful" access to the courts.  Bounds v. Smith, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance).  The right of access to courts extends to pretrial detainees, such as plaintiff, as well as to convicted prisoners.  See Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir. 1988) (applying Bounds analysis to pretrial detainees without addressing issue of applicability); Straub v. Monge, 815 F.2d 1467, 1467-68, 1470 (11th Cir. 1985) (protection of access to the courts is enjoyed by pretrial detainee in county jail); Love v. Summit County, 776 F.2d 908, 912 (10th Cir. 1985) (same); Morrow v. Harwell, 768 F.2d 619, 624 (5th Cir. 1985) (protection of access to the courts is enjoyed by pretrial detainees in county jail as long as detention is not so short that there is no time to petition the courts); Turiano v. Schnarrs, 904 F. Supp. 400 (M.D. Pa. 1995).

However, pretrial detainees are often in a different situation, in that they normally have appointed counsel representing them with respect to their pending criminal charges.  A pretrial detainee's access to court appointed counsel satisfies his right to meaningful access to the courts. See Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988) (construing "Bounds to hold that the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts"); Bourdon v. Loughren, 386 F.3d 88 (2d Cir. 2004) (appointment of counsel

can be a valid means of fully satisfying constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990) ("the state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves" and waive their right to counsel); Howland v. Kilquist, 833 F.2d 639, 643 (7th Cir. 1987) ("trial court's offer of appointment of counsel in [the criminal] proceedings, and the appointment of standby counsel, satisfied any obligation which the state had to provide [the inmate] with legal assistance"); Love v. Summit County, 776 F.2d 908, 914 (10th Cir. 1985) (where detainee had access to his counsel at all times during his incarceration, he "did not show that he was denied access to adequate legal assistance to help him prepare and pursue his claims before the courts or that defendants in any significant way restricted that access"); Smith v. County of Santa Clara, 223 F. App'x 701 (9th Cir. 2007) (not published) (pretrial detainee's access to court-appointed counsel satisfied right to meaningful access to the courts, even if the law library available to him in the county jail was inadequate).

A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. Christopher, 536 U.S. at 415. To state a valid retaliation claim, a prisoner must allege: "(1) constitutionally protected conduct; (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal

link between the exercise of his constitutional rights and the adverse action taken against him."). See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

The Court takes judicial notice that Plaintiff has a court appointed public defender. (See Hester v. O'Neil, Civ. No. 10-388-LDD) In May of this year, Plaintiff filed a civil rights action in this Court complaining about his representation by the Office of the Public Defender of the State of Delaware. The fact that Plaintiff has appointed counsel belies his claim that he is denied meaningful access to the courts. Moreover, his Complaint does not plead actual injury caused by the alleged denial of access. Plaintiff's allegations merely show his displeasure with the system utilized at the HRYCI. The Complaint has not basis in fact or law. For these reasons, the Court will dismiss the Complaint as frivolous pursuant to 42 U.S.C. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

IV.     CONCLUSION

Accordingly, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).